Our first case for argument today is 23-1598, Wallace v. Collins. Please proceed. Good morning, your honors. May it please the court? Appellant is asking the court today to review the constitutionality and applicability of the issue exhaustion doctrine as it pertains to notices of disagreement that are filed with the VA that contain no specificity requirement and no notice to the veteran regarding an issue exhaustion requirement. At the outset, appellant would like to let the court know that we do not disagree with Andrews but we are here to distinguish our case today from Andrews. Andrews dealt specifically with a Q claim. Clear and unmistakable error claims have a requirement that they must be pled with specificity. That is not the case for a notice of disagreement that is filed with the board in terms of a notice of disagreement. The form is silent on delineating specific allegations of error on any claim. The veteran is simply required to advise the VA which is the three possible issues he's challenging service connection, disability evaluation, or effective date. This is in contrast to a Q claim which was decided by the Andrews court which does have a specificity pleading requirement. That is how they got to the conclusion that the issue exhaustion was implied by 7252. Even though it's not expressly stated in 7252 that there is an issue requirement because Q requires pleading with specificity, the court then came to the conclusion that, counsel, do you accept that our precedent allows the VA to apply, or the veterans court, sorry, to apply issue exhaustion? Yes, with respect to Q claims. However, in SIMS, this exact issue was addressed by Justice O'Connor who stated that issue exhaustion is particularly inappropriate when the regulation and procedures affirmatively suggest that specific issues need not be raised before the appeal. But our Andrews case expressly addressed SIMS and did not extend it to this circumstance. So as a panel, how are we to deal with that? The issues that are presented, the arguments that are presented today that are advanced today are novel. No petitioner has ever asserted this issue regarding specificity. The notice of disagreement does not require specific issues to be raised. So how can we then issue exhaust and punish a veteran who raises it later when they were never given notice or advised that there was an issue exhaustion requirement at the outset and it's not actually required in the forms? Well, apart from the forms, but our cases have allowed this. So I don't understand how we get around that. Our cases have expressly allowed the veterans court to apply issue exhaustion. So as a panel, we can't overrule our own precedent. That was only because they were discussing a Q claim which requires a pleading of specificity. Now we're discussing a notice of disagreement which has no specificity requirement. And so we're not, the appellant's not asking you to overturn Andrews. We're asking you to look at the arguments that are being advanced in this particular case, which is that, which has never been advanced before this court, never been addressed by this court, which is that the notice of disagreement, which is at appendix 51, does not have a specificity requirement and it does not give notice to the veteran that there is an issue exhaustion requirement. In other words, it never lets, the VA never lets the veteran know that they must exhaust their administrative remedy at the board. And so therefore we have a due process and constitutionality issue when we get to CAVIC, the veterans court, and they say, you can't bring this issue here. Just on the form, this is, is this, you said 51, is that a continuation of appendix 50 or not? Appendix 50 to 53, I believe, or 52. Let me just take a look here. Appendix 51 to 53, unless there was a Scrivener's error. Well, so I'm looking at appendix 50. Does this have a form? This is all form number 101A2, right? Correct. Okay. So I'm looking at the first page of that, which has a whole bottom half is about specific issues to be appealed. Why is that not enough? That is only speaking to whether or not it's a issue regarding service connection, a disability outvaluation, meaning the percentage that the veteran is rated at, or the effective date. So those are overarching. That's what the veteran must state in their notice of disagreement. They must say which of those three items they're contesting. That's because of the very small print, parenthetical EG. Yeah? Correct. Okay. So there's no, as opposed to Q, which was decided in the Andrews case where there's actual law rooted in regulation and statute that says clear and unmistakable error claims must be pled with specificity, meaning that you must make out an actual argument, and that is the only argument that the board will address. And if it's not raised before the board, then it can be exhausted. How do you distinguish Morris? So Morris is interesting because it relied on the precedent set in Andrews, but that precedent was only regarding Q claims. So in Morris, we have an issue where the appellant only argued very narrowly, unfortunately, that the argument regarding specificity and a nod was never raised, never addressed by the court, therefore. But Morris argued very specifically that constitutional issues were required to be adjudicated by the Veterans Court based on Carr, and this court found that because they had already found in Andrews that it was rooted in statute and regulation, that issue of exhaustion could be applied, but only for Q, that it therefore translated to the Morris case. So that's where I believe the error came in. Andrews set a very specific holding about Q only. I'm sorry. But you think the error came in, but Morris also binds us, right? It's not a non-PREC case. But Morris doesn't. It dealt with constitutional issues, right? And it said that issue of exhaustion applied. It did. But again, I think that it was misconstrued based on the holding in Andrews that says that very specifically, it says issue of exhaustion is applicable to Q. But you think it was misconstrued by our court. We're bound by our court. That's the point I'm trying to make to you, which is the argument you're making, it seems to me that something that we as a panel couldn't possibly do. What I'm asking is that the court… Even if Andrews isn't directly on point, it's a pretty strong point in the direction, and then you have Morris. Morris extended Andrews even further. So you may not like it, but it seems like that's something you'd have to take up with our in-bank court. Your Honor, I am not arguing that… We're not trying to overturn Morris or say that it's bad law. That's not what's happening here. What I'm saying to you is that today Appellant is advancing novel arguments. But I don't see them. You haven't convinced me. In Morris, we expressly said there's a specificity requirement grounded in 38 U.S.C. 7253. That's the statute applicable to your case. So that specificity requirement that you're taking issue with in Andrews applies equally to your case by virtue of our Morris decision. You might not like that law, but we're bound by that law. But the problem is that it's not given notice to the veteran in the notice of disagreement. That's where the issue comes in. I understand you have a problem with that law, but that doesn't get beyond the fact that we can't disregard our own binding precedent. Again, it's one thing for the regulation to state that there is a specificity requirement, but the notice says that the specificity only has to do with service connection, disability evaluation, and effective date. And as a constitutional right and due process right, the veteran has to be notified. And that's specifically what Justice O'Connor, she specifically spoke to that, saying that it's inappropriate if the claimant is not informed of the notice, excuse me, of the issue exhaustion requirement. So regardless of what the statute or the regulation says about specificity, the notice tells the veteran that they only have to dispute one of three things, service connection, evaluation, or effective date. So we have a notice issue and we have a due process issue where it relates to how is the veteran supposed to know that they need to make a specific argument if it's not in the form that they used to file the appeal in the first place. Anything further? That's all. Okay. Let's hear from the government. I'd like to reserve the remaining time. Of course.  Of course. Thank you. Thank you.  Good morning, Your Honor. May I please the court, on behalf of the Secretary Douglas Collins, we ask that this court affirm the Veterans Court's decision. Respondent, in his opening presentation, has shifted the ball. The content of the notice, the specificity of the notice, the timing of the notice, is not before this court on appeal. The only issue that Mr. Wallace has raised on appeal to this court was the application, the constitutionality of the exhaustion requirement as exercised by the Veterans Court and its application in this case. We're not here today. We didn't brief the specificity of the notice or the timing of the notice. The issues, just for the court's reference, are set forth in the respondent's petition brief at pages one and two. On the note, with respect to the actual issue on appeal before this court, issue exhaustion, this court's precedent is clear. Morris found, by this court in 2022, that the Veterans Court has discretion to invoke issue exhaustion, even in constitutional cases, as raised here, a due process challenge. The court distinguished Carr v. Saul, distinguished Sims v. Atfill. Morris itself did not even really rely on Andrews. It was not a Q claim. It was a claim much more closely associated with the claim on appeal in this court, and it is binding precedent. The Veterans Court has discretion to apply issue exhaustion in appropriate circumstances. Now, Mr. Wallace has argued in the alternative that the Veterans Court's application of that exhaustion doctrine was an abuse of discretion or erroneous. Now, the Veterans Court's finding was a fact. An application of law to fact is not on appeal to this court, as the panel, I'm sure, is well aware. Mr. Wallace does not challenge any legal aspects of that application, meaning the Veterans Court, in applying exhaustion, applied the correct legal standard, the maggot balancing test. Mr. Wallace does not contest that, nor does Mr. Wallace make a legally competent argument that there's an exception to exhaustion for constitutional cases, which Morris expressly rejected. Do you understand the blue brief to be arguing that it's actually unconstitutional to apply issue exhaustion to this category of cases? There's an underlying constitutional claim, which I think quite rightly say is not here, about whether the notice given before the claim was filed is constitutionally insufficient. But do you understand the blue brief to be arguing that it's not just an argument that issue exhaustion as a, I don't know, common law-ish doctrine shouldn't, and maybe even statutorily based, shouldn't be available here, here being a kind of class of cases maybe, but also that it would be unconstitutional for that to happen? No, Your Honor. The respondent did not read the petitioner's brief. He's not the respondent. We did not read Mr. Wallace's brief to directly argue the constitutionality of exhaustion. Petitioner's opening brief talked about Carr v. Saul and Sims v. Atfill being controlling on this court. Those are Social Security cases that are distinguished by this court. But petitioner argued that those cases were somehow binding and would prevent the Veterans Court from exercising exhaustion. They would certainly be binding if they were applicable. If they were applicable, right. But as this court found in Morris and Maggott and Ledford, it was not. Would those decisions rest in part on a constitutional basis? That is, did either one of them say it would be not just a bad idea to apply issue exhaustion in those circumstances, but that it would be unconstitutional? I can't say with certainty as I stand here, but I can say that the critical fact, say in Carr v. Saul, was that the exhaustion doctrine in the Social Security context was a judicially created doctrine. There was no statutory or regulatory hook, which is the critical difference in the Veterans context, as this court has explained in Morris, Ledford, and Maggott, that in the Veterans context, there is a statutory and regulatory hook for exhaustion. And that's what makes the Veterans context different from the Social Security context, and thus the binding precedent in this instance, Morris, Maggott, and Ledford, as opposed to Carr v. Saul or Sims v. Sappho. Anything further? Nothing further. Thank you. Thank you, counsel. Your Honor, your Honors, Appellant addressed the issue of the notice of disagreement and the lack of a specificity requirement and the unconstitutionality of applying issue exhaustion when no notice was given to the Veteran about it, and there's no specificity requirement in the document. On three separate pages, there's three separate pages, excuse me, that spend talking about the unconstitutionality and the due process implications that arise from the very situation that Justice O'Connor talked about in Sims, which is that the arbitrary and contradictory nature of issue exhaustion in a decision.  Oh, I'm sorry. I keep waiting for you to give me the page numbers.  The Appellant's brief, page 16, page 21, and page 22. Okay. You can continue. Thank you, your Honor. Justice O'Connor specifically stated in Sims, and this was reiterated in Carr, that using issue exhaustion when the agency fails to impose a specificity requirement or notify a claimant of an issue exhaustion requirement is arbitrary and contradictory, and that is what we have here, and Appellant's counsel and Appellant spent three pages on that in Appellant's brief, and the Secretary never addressed those arguments about the notice, the notice of disagreement, and the fact that there's no notice to the Veteran. Lastly, I just want to also point out that in distinguishing this case from Morris, in Morris, the court did weigh the interest of the Veteran. They weighed the interest in the Veteran in a way that was satiable. In this case, the Veterans Court did not touch upon the interest of the Veteran versus the interest of the agency. It never even came up. The Veterans Court just simply talked about the fact that it would be a huge burden on the VA, but never actually discussed how it would affect the Veteran and his claims and other Veterans that come after him, and that is what Morris rests on, is the fact that it must be flushed out, a weighing of the interest, and so at a minimum, we have at least that issue where the court did not do that here. They just did not discuss the interest of the Veteran. They only talked about the agency. There's no further questions. We just ask that the court consider and address the novel arguments made today here regarding the notice of disagreement and the lack of specificity and the lack of notice to the Veteran, among the other arguments made, and reverse and or remand the matter. Okay. Thank both counsels. This case is taken under submission. Thank you.